IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RESIDENT MINORS OF THE CITY AND COUNTY OF SAN FRANCISCO,<br><br>    Plaintiffs,<br><br>  v.<br><br>JERRY BROWN, et al.,<br><br>    Defendants.                                    / | No. C 10-04838 CRB<br><br>**ORDER OF DISMISSAL** |

Alfred Lam, a California Police Officer, has filed suit against numerous defendants alleging federal civil rights violations and numerous state law claims, purportedly on behalf of resident minors of the City and County of San Francisco.

Defendants have filed Motions to Dismiss the Complaint under Federal Rules of Civil Procedure 12(b)(1), 12(b)(5), and 12(b)(6).[1]  The Court GRANTS the motions.

**I.    Factual Background**

Plaintiff Alfred Lam filed his Complaint on October 25, 2010.  Dkt. 1.  Plaintiff's Complaint contains fifteen causes of action arising out of various incidents of alleged harm to resident minors of the City and County of San Francisco's Juvenile Justice Center. Plaintiff's Complaint includes the following causes of action: (1) § 1983 violation for use of

---

[1] Defendant Jerry Brown also filed a separate Motion to Quash Service of Summons and Complaint pursuant to Fed. R. Civ. P. 12(b)(5).  As the Court determines Plaintiff does not have standing to maintain the action, the Court does not need to reach this issue.

unreasonable, excessive, and unnecessary Force; (2) conspiracy to violate minors' rights pursuant to § 1982, 1983, 1985 and 4th, 8th, and 14th Amendments; (3) § 1983 violation for administrative segregation without proper hearing; (4) failure to intercede to prevent violation of minor's rights pursuant to §§ 1982, 1983, 1985; (5) § 1983 violation for malicious prosecution; (6) § 1983 violation against CCSF (Monell claim); (7) § 1983 violation for failure to train; (8) battery; (9) assault; (10) negligent hiring, supervision, and retention; (11) negligence; (12) gross negligence; (13) wrongful formal criminal proceedings; (14) negligent infliction of emotional distress; (15) intentional infliction of emotional distress. Plaintiff alleges incidents spanning in time from 2000 to January 21, 2010, and including alleged excessive use of force to discipline minor residents, verbal abuse, and sexual battery. Compl. ¶¶ 48-74. He attempts to bring this case as a class action, with himself representing the minor members of the class pro se.

After an initial case management conference on May 6, 2011, Plaintiff had summons issued and attempted to serve the various defendants. Dkt. 13-18. The Defendants challenge the sufficiency of the service of process – Defendant Brown by bringing a separate Motion to Quash and the other Defendants as an additional reason to grant their Motion to Dismiss. The Court held a hearing on the outstanding motions on August 26, 2011.

**II. Legal Standard**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint may be dismissed against a defendant for failure to state a claim upon which relief can be granted against that defendant. A motion to dismiss under Rule 12(b)(6) "tests the legal sufficiency of a claim." Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal "is proper only where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." Id. A motion to dismiss should be granted if a plaintiff fails to plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). This "[p]lausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant acted unlawfully." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 556).

2

"Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. Allegations of material fact are taken as true and construed in the light most favorable to the non-moving party. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996). The court need not, however, accept as true pleadings that are no more than legal conclusions or the "formulaic recitation of the elements" of a cause of action. Iqbal, 129 S. Ct. at 1951.

## III. DISCUSSION

Defendants represented by the City Attorney move for dismissal of the Complaint on nine separate grounds: (1) Plaintiff lacks standing; (2) Plaintiff cannot bring a class action because contrary to F.R.C.P. 23 (a) there are no questions of law or fact common to the class, (b) Plaintiff's claims are not typical of the class members' claims, and (c) Plaintiff cannot adequately represent the class; (3) nearly all claims are barred by the two-year statue of limitations for Section 1983 causes of action; (4) Plaintiff failed to file the requisite government complaint prior to filing his state law claims; (5) Plaintiff failed to properly serve most Defendants; (6) all individual Defendants have qualified immunity as to all federal claims; (7) Defendant Harris is protected by absolute prosecutorial immunity or qualified immunity; (8) Defendant members of the Board of Supervisors are protected by the doctrine of legislative immunity in their official capacities; (9) Plaintiff failed to exhaust required administrative remedies for his federal claims. Defendants' Motion to Dismiss (dkt. 25) at 1.

Defendant Jerry Brown moves to dismiss on five grounds: (1) a pro se plaintiff may not represent third parties; (2) Plaintiff lacks both prudential and constitutional standing; (3) Defendant Brown is entitled to immunity under state law; (4) Defendant Brown is entitled to immunity under the Eleventh Amendment; (5) Defendant Brown is entitled to qualified immunity. Brown Motion to Dismiss (dkt. 23) at 2. As Plaintiff does not have standing to bring assert the claims alleged, the Court need not reach the additional arguments.

**A. Standing**

The question of standing is "an essential and unchanging part of the case-or-controversy requirement of Article III [of the U.S. Constitution]." Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992). Fundamentally, questions of standing turn on "whether the particular plaintiff is entitled to an adjudication of the particular claim asserted." Allen v. Wright, 468 U.S. 737, 752 (1984). Standing comprises both prudential and constitutional considerations. Gladstone Realtors v. Village of Bellwood, 441 U.S. 91, 99 (1979).

For prudential standing, a "plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." Warth v. Seldin, 422 U.S. 490, 499 (1975). Here Plaintiff seeks to assert the constitutional rights of minors who once resided in or who will reside in the City and County of San Francisco's detention center. Compl. ¶ 2. Thus, he is not seeking in the Complaint to assert his own legal rights.

To meet an exception to this prudential standing requirement, a plaintiff need demonstrate (1) he has suffered an injury-in-fact that gives him sufficiently concrete interest in the outcome of the suit, (2) a sufficiently close relationship with the third parties, and (3) that it is difficult or impossible for the third parties to assert their own rights. Powers v. Ohio, 499 U.S. 400, 410-11 (1991).

For constitutional standing, a plaintiff must also demonstrate three elements: (1) actual and concrete injury-in-fact, (2) a causal connection between defendants' conduct and the injury-in-fact, and (3) likelihood that favorable decision will redress the injury-in-fact. Lujan, 504 U.S. at 560-61.

The prudential and constitutional standing inquiries both turn on whether the Plaintiff can allege any "injury-in-fact" that he has suffered as a result of the alleged illegal conduct. As Plaintiff's Complaint solely asserts the rights of third parties and includes no allegations of personal injury, he fails to meet this requirement. As Plaintiff cannot demonstrate an injury-in-fact, the Court need not turn to the other requirements of prudential and constitutional standing.

4

### 1. Injury-in-Fact

Injury-in-fact requires more than just a general injury to a cognizable societal interest; it requires that the party suing be directly injured. Lujan, 504 U.S. at 562 (quoting Sierra Club v. Morton, 405 U.S. 727, 734-35 (1972)). This injury must be the "invasion of a legally protected interest" that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." Id. at 559-60. Particularly in suits against the Government, such as here, "the concrete injury requirement must remain." Id. at 578. The only parties alleged in the Complaint to have been injured are the resident minors of the City and County of San Francisco. While Plaintiff's allegations of injury in the Complaint are serious, these alleged injuries are to the minors, not to Plaintiff.

In his Opposition, Plaintiff alleges he has shown an injury-in-fact through "on-going and continuous discrimination, harassment, intimidation, and retaliation by CCSF Management and Supervisory personnel that resulted in, inter alia, wage losses, advancement and promotional bypasses, overtime opportunities, other benefits of employment, as well as, physical and emotional trauma subjecting LAM to unreasonable risk of harm within the workplace." Opposition to Motion to Dismiss ("Opp.") (dkt. 29) at 5-6.[2] He argues these injuries would not have occurred but for his multiple attempts to report unlawful actions by CCSF personnel. Opp. at 6.

These allegations do not appear anywhere in the Complaint. Thus, they do not provide a basis for finding the Complaint states a claim upon which relief can be granted.

In addition, the allegations in the Complaint – including child abuse and neglect, sexual battery, statutory rape, and excessive and unreasonable force on the resident minors – did not cause the injury that Plaintiff now alleges he suffered. Thus, while purportedly carried out by the same entity, there is not a causal connection between the allegations and the alleged injury-in-fact.

---

[2] These allegations appear to be the same allegations that form the basis of another suit Plaintiff has brought against CCSF, Lam v. City and County of San Francisco, No. 08-4702, (N.D. Cal. Oct. 10, 2008), where he filed suit under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e), et. seq.

5

For example, in Powers v. Ohio, 499 U.S. 400, 402-03 (1992), the Court found a white criminal defendant could assert a claim that the prosecution used its peremptory challenges to exclude black jurors. The Court found that despite existence of a close relationship between the defendant and the jurors based on "a common interest in eliminating racial discrimination from the courtroom," id. at 411, 413, the injury-in-fact requirement still stood. Id. at 411. The Court found the criminal defendant had suffered an injury-in-fact with a causal connection to the alleged harm because the possibility of that impropriety pervaded the entire trial and threatened its neutrality, which injured him directly as the defendant. Id. at 412. Plaintiff here cannot allege such a connection, and thus cannot meet the requirements of injury-in-fact. Since Plaintiff cannot demonstrate an injury-in-fact he cannot meet the requirements of either prudential or constitutional standing.

**IV. Plaintiff's Other Motions**

Two days prior to the hearing on Defendants' Motions to Dismiss, Plaintiff filed three further motions: (1) Motion for Court Appointed Pro Bono Counsel (dkt. 32); (2) Motion for Stay of Proceedings (dkt. 33); and (3) Motion for a Temporary Restraining Order (dkt. 34). The Court has read and considered these motions. Plaintiff's lack of standing requires denying these motions as well.

**IT IS SO ORDERED.**

Dated: August 26, 2011

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE